IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| VENKATESH DAGUBATTI, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. §2255 |
| | : | |
|    v. | : | CRIMINAL ACTION NO. |
| | : | 1:19-CR-29-WMR-JSA-1 |
| UNITED STATES, | : | |
|    Respondent. | : | CIVIL ACTION NO. |
| | : | 1:22-CV-2191-WMR-JSA |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

The matter has been remanded to the undersigned for consideration of Movant Venkatesh Dagubatti's amended §2255 allegations. (Docs. 116, 117). In May 2023, Movant filed a *pro se* motion to vacate pursuant to 28 U.S.C. §2255, in which he challenged the voluntary nature of his guilty plea based on claims of ineffective assistance of counsel. (Doc. 106). The undersigned entered a final report and recommendation ("R&R") on April 25, 2023, set forth a lengthy and inclusive factual and procedural history which the undersigned incorporates by reference here, and recommended denying the §2255 motion. (Doc. 111). The undersigned will briefly highlight those parts of the history of the case that are relevant to Movant's newest claim.

Movant was indicted by a federal grand jury and charged with distributing and possessing at least one visual depiction of a minor engaging in sexually explicit

conduct in violation of 18 U.S.C. §§2252(a)(2) and 2252(a)(4)(B). (Doc. 1).[1] While represented by Benjamin Black Alper, on June 17, 2019, Movant entered a guilty plea pursuant to a negotiated plea agreement. (Docs. 17, 17-1 ("Plea Agreement")). In the plea agreement, the Government agreed to recommend the maximum downward level adjustment for Movant's acceptance of responsibility, and Movant and the Government agreed to jointly recommend sixty months of imprisonment – well below the 210-262 month guidelines range.[2] (Plea Agreement ¶18; PSR, Part D).

Although Movant and the Government agreed to that joint sixty-month recommendation, Movant stated in the plea agreement that he understood that the recommendations, stipulations, and guideline computations were not binding on the Court. (Plea Agreement ¶32). Also in the plea agreement and during the plea colloquy, Movant affirmed that he had read the agreement in its entirety, "carefully reviewed every part of it" with his attorney, understood the terms and conditions in

---

[1]   A forensic analysis of Movant's computers indicated that he possessed 1,775 images and 222 videos of child sexual abuse material. (PSR ¶24).

[2]   The agreement made clear that if Movant were to engage in conduct inconsistent with accepting responsibility the Government would not be obligated to recommend either the maximum downward level adjustment for acceptance of responsibility or the sixty months of imprisonment. (Plea Agreement ¶¶15, 18; PSR, Part D).

the agreement and voluntarily agreed to them, and was fully satisfied with counsel's representation. (*Id.* at 17; *see generally* Doc. 55 ("Plea Tr.")).

During the plea colloquy Movant swore under oath, in relevant part, that: he understood the charges to which he was entering a guilty plea and the consequences thereof, including a potential maximum penalty of twenty years; his decision to plead guilty was not the product of threats, force, or promises other than those contained in the plea agreement; he had sufficient time to discuss the charges and his case with counsel and he was satisfied with counsel's representation; he had conferred with counsel about how the sentencing guidelines might apply in his case; he understood that the guidelines were only advisory, and that it was not possible to determine the exact guidelines for his case until after the PSR was completed; and that the Court had authority to impose a sentence more or less severe than the guidelines range. (Plea Tr. at 11-14, 16, 22-23, 25-27, 31-37). Before accepting the plea the Court specifically emphasized that it might not accept the plea agreement's recommendations but that Movant nevertheless would still be bound by his guilty plea, which Movant indicated he also understood. (*Id.* at 37). After the Government recited the factual basis for the plea, Movant did not disagree with that synopsis, and affirmed that he was, in fact, guilty of the offenses in the indictment. (*Id.* at 24-31).

Importantly, after Movant entered his guilty plea but before sentencing, Movant sought and was appointed new counsel, Jeffrey Ertel. (Docs. 36, 41). On

3

June 10, 2020, Mr. Ertel filed a motion to withdraw the guilty plea on Movant's behalf. (Doc. 46). After four evidentiary hearings, the Court denied the motion to withdraw, finding that Movant had not demonstrated that Mr. Alper was ineffective or that is plea was involuntary; instead, it appeared to the Court that Movant had "buyer's regret" when the reality set in that he would have to spend time in prison. (Doc. 56; Doc. 68; Doc. 88; Doc. 89 at 52-54; Doc. 95). On December 4, 2020, the Court granted the Government's motion to withdraw the three-level downward adjustment for acceptance of responsibility and sentenced Movant to a net total of 120 months of imprisonment – which still constituted 172 months below the new advisory guidelines range of 292-365 months. (Doc. 89 at 62, 94; Doc. 67).

After Movant filed a motion to terminate Mr. Ertel's representation [Doc. 74], the Court appointed Saraliene Durrett to represent Movant on appeal [Doc. 85]. Ms. Durrett filed an *Anders* brief with the Eleventh Circuit and the Eleventh Circuit found no arguable issues of merit and affirmed Movant's convictions and sentences. (Doc. 104).

In the original §2255 motion, Movant argued again that his guilty plea was rendered involuntary because counsel was ineffective for: (1) failing to study and understand Movant's case; (2) failing to present evidence to support Movant's arguments related to IP addresses; and (3) having an "unprofessional approach" and presenting "[n]o good argument to represent Movant. (Doc. 106). In the April 25,

2023, R&R, the undersigned recommended denying the §2255 motion because: Movant had not demonstrated ineffective assistance of counsel; he was prohibited by law-of-the-case doctrine from raising an ineffective assistance claim as to plea counsel since the Court already had rejected Movant's claim that his plea was involuntary based on plea counsel's alleged ineffective assistance; Movant's ineffective assistance claims were procedurally barred; and Movant's claims failed on the merits because Movant had not overcome the "formidable barrier" of the strong presumption that the statements he made during the plea colloquy were true. (Doc. 111).

Thereafter, Movant filed a "notice of filing in support of §2255 motion" [Doc. 114], objections to the R&R [Doc. 115], and a motion to supplement and/or amend the §2255 motion [Doc. 116]. In the motion to supplement and/or amend, Movant now claims that counsel gave him a "false impression of what the outcome of the case would be" by advising him that the negotiated plea with the Government for a recommended term of sixty months of imprisonment was "effectively an assurance that such a term of imprisonment would be imposed since 'the Judge always does what the prosecutor says.'" (Doc. 116 at 2). According to Movant, had counsel not given him such assurances, he never would have entered a guilty plea. (*Id.* at 3).

On September 20, 2023, U.S. District Judge William M. Ray allowed Movant to amend the §2255 motion to add this new claim, and remanded the case back to

5

the undersigned for the limited purpose of issuing a new R&R only in connection therewith. (Doc. 117). For the following reasons, the undersigned **RECOMMENDS** that the amended claim be **DENIED**.

Just as the Court found with Plaintiff's previous claims, Plaintiff's current allegations that counsel assured him that he would only receive sixty months of imprisonment and that the Government's recitation of the facts was inaccurate do not overcome the strong presumption of the truth of Movant's statements during the colloquy. *See United States v. Munguia-Ramirez*, 267 F. App'x 894, 897 (11th Cir. 2008) (per curiam) (holding district court did not err in finding that the movant knowingly and voluntarily entered into a guilty plea due to counsel's incorrect estimation of his ultimate sentence, where record indicated that he understood he could not withdraw his plea even if he received a more severe sentence than he thought); *United States v. Cardenas*, 230 F. App'x 933, 935 (11th Cir. 2007) (finding the petitioner did not overcome the strong presumption of the truth of his statements made during the plea colloquy where after the fact he claimed that counsel advised him that he would receive a shorter sentence); *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990) (per curiam) (holding that "[t]o the extend [the defendant] claimed his guilty plea was based on his attorney's estimate of the sentence . . . , the claim did not warrant withdrawal of guilty plea where [the defendant] acknowledged

to the court that he understood the maximum sentence for his crime to be greater than the court ultimately imposed.").

Insofar as Movant raises this new claim as ineffective assistance of counsel, it fares no better. To that end, even if counsel misadvised Movant, Movant's bare allegation that he would not have pled guilty is insufficient to establish that he was prejudiced thereby, as Movant has failed to demonstrate that any such decision would have been rational. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (stating that in order to show that "counsel's constitutionally effective performance affected the outcome of the plea process" a movant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances"); *Jackson v. United States*, 463 F. App'x 833, 835 (11th Cir. 2012) (per curiam) ("If [the movant] cannot establish both that counsel misadvised him and that a decision not to plead guilty would have been rational, his claim that his guilty plea was not knowing and voluntary due to counsel's ineffectiveness will fail."); *Roach v. Roberts*, 373 F. App'x 983, 985 (11th Cir. 2010) (per curiam) ("[A] petitioner's bare allegation that he would not have pleaded guilty is insufficient to establish prejudice under *Strickland*.") (citation omitted).

As the undersigned previously indicated, as part of the negotiated plea the Government agreed to recommend the mandatory minimum sentence, which was fifteen years less than the maximum Movant would have faced had he gone to trial

7

with no plausible defense. Moreover, the Court ultimately sentenced Movant to a below-guidelines sentence – even after Movant attempted to withdraw his plea – which the Court may not have done had Movant decided to go to trial. Movant, therefore, still has not persuaded the Court that a rational person in Movant's situation would have rejected the plea; thus, he has not shown that counsel was constitutionally ineffective or that any such ineffective assistance rendered his guilty plea involuntary. *See, e.g., United States v. Miranda-Alfaro*, 462 F. App'x 935, 937 (11th Cir. 2012) (per curiam) (finding the movant could not demonstrate prejudice because a rational person would not have rejected a plea bargain where he received the "exceptional benefit" of lowering his sentence of imprisonment by eight years). In short, Movant has been provided with many opportunities to challenge the voluntary nature of his plea, and this latest attempt to have one more bite of the apple fails for the same reasons.

IV. Conclusion

Based on the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Venkatesh Dagubatti's amended motion to vacate his sentence [Doc. 116] be **DENIED WITH PREJUDICE**.

V.      Certificate Of Appealability

Pursuant to Rule 11 of the Rules Governing §2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   28 U.S.C. §2253(c)(2) provides that a certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  In order for the certification requirement to fulfill its function of weeding out frivolous appeals, a court should not automatically issue a COA; rather, the applicant must prove "something more than the absence of frivolity" or "the existence of mere 'good faith' on his or her part."  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citations omitted).

Movant need not prove, however, that some jurists would grant the §2255 motion.  *See id.*  "The question is the debatability of the underlying constitutional claim, not the resolution of that debate."  *See Lamarca v. Secretary, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El*, 537 U.S. at 325).  In other words, Movant need only demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Based on the foregoing discussion, reasonable jurists would not find "debatable or wrong" the undersigned's determination that

Movant has not demonstrated ineffective assistance of counsel of that his guilty plea was involuntary.  *See Slack*, 529 U.S. at 484.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be denied.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 25th day of September, 2023.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE