# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VENKATESH DAGUBATTI, | CRIMINAL ACTION NO. |
| Movant, | 1:19-cr-0029-WMR |
| v. | |
| UNITED STATES OF AMERICA, | CIVIL ACTION NO. |
| | 1:22-cv-2191-WMR |
| Respondent. | |

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's two Reports and Recommendations, (R&Rs) [Docs. 111, 118], wherein the Magistrate Judge recommends that Movant Venkatesh Dagubatti's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, [Doc. 106] be denied. Movant has filed his objections to the R&Rs. [Docs. 115, 120].

**Background**

On June 17, 2019, Movant entered a negotiated guilty plea to two counts of distributing and possessing at least one visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(a)(4)(B). [Doc. 17]. The record shows that Petitioner had hundreds of child pornography photographs and videos on his computer and that he distributed some or all of those

files to others. In a rather extended process involving multiple hearings—described in detail in the first R&R, [Doc. 111 at 3-11]—Movant was assigned a new attorney and sought to withdraw his guilty plea based on his contention that his first attorney had been ineffective and failed to realize that certain aspects of the Government's case could be challenged. This Court ultimately determined that Movant failed to demonstrate that his plea had not been knowingly and voluntarily entered, declined to permit him to withdraw his guilty plea, and sentenced Movant to 120 months incarceration.[1] Movant appealed, and the Eleventh Circuit affirmed his convictions and sentence. [Doc. 104].

Movant then filed the instant § 2255 motion, claiming that his trial counsel was ineffective. Movant did not explain which of his two successive attorneys had been ineffective, so, in the first R&R, the Magistrate Judge reviewed the performance of both. The Magistrate Judge determined in the first R&R that this Court had already reviewed and rejected his claim that his first trial counsel was ineffective and recommends denying relief based on the law of the case doctrine. The Magistrate Judge also determined (1) that Movant's ineffective assistance

---

[1] The plea agreement had stated that the Government would recommend a sentence of sixty months based in part on the Government's agreement that it would recommend a maximum offense-level reduction under the Sentencing Guidelines for Movant's acceptance of responsibility. After Movant sought to withdraw his guilty plea, this Court granted the Government's motion to withdraw the acceptance-of-responsibility reduction and sentenced Movant to 120 months which was well below the guidelines range of 292-365 months. [Doc. 89 at 62, 94; Doc. 67].

2

claims related to his first trial counsel were procedurally barred because he failed to raise those claims on appeal and (2) that the claims fail on the merits.

With respect to Movant's second counsel, the Magistrate Judge determined that Movant's ineffective assistance claims fail because Movant did not show that the second lawyer's performance had been deficient or that he was prejudiced thereby.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  After the Magistrate Judge issued the R&R, Movant sought to amend his § 2255 motion, and, despite the fact that the motion was not timely filed, this Court granted the motion and remanded the matter to the Magistrate Judge to determine whether Movant had demonstrated that he is entitled to relief under the new claim raised in the amendment.  [Doc. 117].

In the amendment, Movant claimed that his first trial counsel had essentially promised Movant that he would receive a sentence of sixty months, giving him a "false impression of what the outcome of the case would be."  [Doc. 116 at 2].  Movant insists that if counsel had not given him such assurances, he would not have entered a guilty plea.  *Id.* at 3.  In the second R&R, the Magistrate Judge determined that Petitioner's post-hoc assertions do not overcome the strong presumption of the truth of Movant's statements during the plea colloquy.  [Doc. 118 at 6 (citing, *inter alia, United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990) ("To the extent [the defendant] claimed his guilty plea was based on his attorney's estimate of the sentence . . . , the claim did not warrant withdrawal of guilty plea where [the

defendant] acknowledged to the court that he understood the maximum sentence for his crime to be greater than the court ultimately imposed.")]. The Magistrate Judge further pointed out that Movant cannot demonstrate prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), because, given the overwhelming evidence of Movant's guilt and the extremely long sentence that he faced, no rational defendant in his position would have opted not to plead guilty. *See Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) (stating that in order to show that "counsel's constitutionally effective performance affected the outcome of the plea process" a movant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances").

**Legal Standard**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a de novo basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

**Discussion**

In his objections to the first R&R, [Doc. 115], Movant first argues that his second trial counsel unreasonably failed to raise the issue that Movant was not in his "right state of mind" during the plea hearing. However, at the plea hearing, this Court specifically found that Movant was competent to understand the proceedings, and that his decision to plead guilty was free of coercive influence of any kind with full knowledge of the charges against him and the consequences of his plea. [Doc. 55 at 39-40]. Moreover, after the plea hearing, Movant sent the Court a letter requesting a death sentence because "[d]eath is better than living as a criminal." [Doc. 25 at 4]. That prompted the Court to grant trial counsel's motion for a competency evaluation. *See* [Docs. 25, 26, 29]. Through that process, the Court found that Movant was, in fact, competent to enter a guilty plea. [Doc. 34]. Movant's claim that the psychologist who performed the competency evaluation determined that Movant was "anxious, agitated, high strung, etc.," [Doc. 109 at 2], even if true, does not show that he would have met the standard for withdrawing his guilty plea. Rather, a finding of incompetency requires a showing that the criminal defendant is "is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d); *see Godinez v. Moran*, 509 U.S. 389, 396, 399 (1993). Indeed, it is expected that many

5

individuals facing a federal conviction for child pornography would be anxious and agitated, but that does not render them legally incompetent to enter a plea.

Next in his objections and in a motion and a notice that he filed, [Docs. 109, 114], Movant contends that the Government should not have been able to track him to his home through his use of a computer. He has provided print-outs from internet sites that discuss how internet protocol (IP) addresses are assigned and how virtual private networks (VPN) should prevent others from tracking internet activity. According to Movant, these documents demonstrate that the Government violated his rights in locating and arresting him. He also indicates that the information shows that he is innocent.

At most, Movant's arguments indicate that his first counsel should have hired a computer expert to investigate whether his arguments had any validity.[2] However, Movant's second trial counsel did hire a computer expert, and that expert explained that there was nothing related to computers that would have demonstrated Movant's innocence or otherwise bolstered his case. [Doc. 89 at 4]. Accordingly, Movant cannot show that he suffered prejudice under *Strickland* based on his first counsel's failure to employ a computer expert. Moreover, at the December 2, 2020, hearing,

---

[2] The Court points out, however, that when he was arrested, Movant agreed to speak to law enforcement personnel, and he admitted that he was the user who had distributed the child pornography, that he had downloaded child pornography, and that he knew that his actions were illegal. Accordingly, given the strength of the Government's case, it is unlikely that Movant's first trial counsel was deficient in failing to hire a computer expert to determine whether Movant could establish his innocence.

6

Movant raised his arguments about IP addresses and his possible use of a VPN, and this Court found that the evidence was not convincing enough to allow Movant to withdraw his plea. [Doc. 89 at 51-54]. That determination is, like the finding that Movant's first trial counsel was not ineffective, the law of the case to which this Court is bound, [Doc. 111 at 15-16]; *see United States v. Victores*, 402 F. App'x 465, 466-67 (11th Cir. 2010), and based on that finding, Movant is not entitled to § 2255 relief. Indeed, the Court has reviewed the evidence that Movant has supplied, which consists of generic discussions regarding IP addresses and VPNs, and nothing therein is particularly compelling or causes the Court to doubt Movant's guilt or the procedural soundness of his conviction.

Finally, with respect to the first R&R, Movant briefly contends that the Court erred in sentencing him. His arguments are, however, mostly conclusory. Even if the Court did make a technical error in calculating Movant's sentencing range under the Guidelines, Movant's sentence was well-below that range and also well-below the maximum sentence that he faced. Accordingly, even if the Court erred in making the Guidelines calculation, this Court would impose the same sentence based on the sentencing factors set forth in 18 U.S.C. § 3553.

In his objections to the second R&R, Movant contends that the Magistrate Judge erred in relying on cases where trial counsel had incorrectly estimated the sentence to be imposed. Rather, Movant claims, in this case trial counsel "advised,

7

in no uncertain terms, that the Court would impose the sentence that the Government advocates because 'the Judge always does what the prosecutor says.'" [Doc. 120 at 7]. Movant further indicates that his decision to attempt to withdraw his guilty plea was "initiated by a jailhouse lawyer who was not acting in [Movant]'s best interest." *Id.* Movant further insists that his counsel's inaccurate advice that the Court would impose the sentence recommended by the Government induced him to plead guilty and that, in the absence of a hearing or further argument by the Government, the record is insufficient to determine that he cannot demonstrate prejudice to establish his ineffective assistance claim.

At the outset, this Court points out the logical disconnect affecting Movant's amended claim: whatever advice counsel gave him about pleading under the terms of the plea agreement no longer mattered after Movant sought to withdraw his guilty plea. If Petitioner had simply proceeded to sentencing instead of attempting to withdraw his plea, this Court arguably may have imposed the sixty-month sentence recommended by the Government.[3] After he moved to withdraw his plea, the Government was no longer bound by the plea agreement, and the Court was clearly sympathetic to the Government's efforts to withdraw the recommendation regarding Movant's acceptance of responsibility. Put another way, the fact that Movant's sentence exceeded the sixty months discussed in the plea agreement could be, at least

---

[3] The Court is not signaling that it had made that decision; it had not.

in part, the result of Movant's ineffectual attempt to withdraw his plea and had nothing to do with counsel's purportedly inaccurate advice, and Movant thus cannot demonstrate prejudice.

Moreover, at Movant's plea hearing, this Court specifically asked Movant if he understood "that the terms of the plea agreement are mere recommendations to the Court, that [the Court] can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence that is more severe than you might anticipate?" [Doc. 55 at 20]. Movant responded that he did understand, and he further testified that no one had promised him what his actual sentence would be. *Id.* Movant's counsel testified that he had made no promises to Movant regarding the particular sentence that he would receive if he pled guilty. *Id.* at 21. In evaluating whether the plea is knowing and voluntary, the representations of the defendant at the plea hearing, as well as the findings by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings" because "there is a strong presumption that statements made during the plea colloquy are true." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant's contention that he was induced to plead by his trial counsel's inaccurate advice is in direct conflict with his statements under oath, and Movant's current self-serving and contradictory statements are insufficient to meet the heavy burden that would serve to overcome the presumption of the truthfulness of his sworn statements. *See, e.g.*, *United States*

9

*v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001) (noting testimony at a plea allocution "carries a such strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony").

**Conclusion**

Having reviewed the record, this Court concludes that the Magistrate Judge is correct that Movant has not shown that he is entitled to relief.  Accordingly, the two R&Rs, [Docs. 111, 118], are **ADOPTED** as the orders of this Court, and the pending § 2255 motion, [Doc. 106], as amended, [Doc. 116], is **DENIED**.  The Court further agrees that Movant has not made the showing required under 28 U.S.C. §2253(c)(2), and a Certificate of Appealability is **DENIED**.  The Clerk is **DIRECTED** to close Civil Action No. 1:22-cv-2191-WMR.

**IT IS SO ORDERED**, this 22nd day of January 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE